On Rehearing.
SOMMERYILLE, J.
The chronology of this case is as follows: December 7th, ‘order for a suspensive appeal granted; December 14th, suspensive appeal bond filed; December 27th, appeal returned; February 3d, appellee moves to dismiss the appeal; February 26th, the justice of the peace grants a devolutive appeal; February 28th, suspensive appeal dismissed, and devolutive appeal filed.
On March 11th, appellee moved to dismiss the devolutive appeal, which motion having been denied, application has been made to us for prohibition, mandamus, and certiorari.
[3] Article 124, title 1, of the Code of Practice, provides:
“The rules of proceedings contained in the present title, relate only to the district and parish courts, when in the exercise of their ordinary jurisdiction. Special rules are hereafter established for courts of probate and justices of the peace.”
Article 594 is “contained in the present title,” i. e., title 1. Hence the provision of that article that, “on the certificate of the clerk that the record has not been brought up by the appellant, the appeal shall be considered as abandoned, and the appellant shall not be afterward allowed to renew it,” can have no application whatsoever to appeals taken from justices of the peace. Necessarily, then, decisions interpreting article 594 do not apply to the present controversy.
Title 4 of the Code of Practice governs proceedings before justices of the peace, and chapter 4 of that title (articles 1128-1138) regulates appeals from judgments rendered by them. Articles 1128, 1134, and 1135 were amended and re-enacted by Act No. 226 of 1908, p. 343; article 1131, by Act No. 45 of 1910, p. 70; and article 1132, by Act No. 46 of 1910, p. 71.
[4] Summarized, the law regulating appeals from justices of the peace is as follows: Appeals are returnable within 10 days after service of citation, with one day additional for every 10 miles that appellee’s' residence is from the place at which judgment was rendered. Appeals are tried de novo, and a verbal motion for an appeal suffices. The suspensive appeal must be taken 10 days after judgment (or notification of judgment) and a bond be furnished exceeding by one-half the amount for which judgment was given. Appellant may devolutively appeal on furnishing a bond for costs. If 12 months elapse after the time allowed for an appeal, and none be taken, appellant is no longer allowed to appeal. Unless the judgment was rendered and the appeal taken in the presence of the parties or their attorneys, the justice must, after receiving the appeal bond, cite appellee to appear before the appellate court, on or before the return day. The justice must transmit to the clerk of the appellate court, on or before the return day, a certified copy of the proceedings had in the case.
It will thus be seen that no law regulating appeals from justices of the peace contains any provision at all resembling O. P. art. 594. There is not the remotest suggestion that the failure of the justice of the peace to file the appeal on or before the return day (a duty imposed solely upon him by law) shall be construed as an abandonment by appellant of his constitutional right of appeal.
Light will be thrown upon this discussion by comparing the articles of the Code of Practice regulating appeals from the district court with those, articles regulating appeals from justices of the peace. Suspensive appeals from each must be taken within 10 days; devolutive, in one year. The amount *1107 and character of bonds in appeals from each are the same; but in appeals from the district courts the transcript is delivered to the appellant, and it is his duty to file the same within the legal delay, whereas in appeals from justices of the peace the transcript never comes into the hands of the appellant, it being the duty of the justice to transmit it to the clerk of the district court. Appellant forfeits his right of appeal from the district court in two ways: By failure to file the transcript in time, or by failure to take an appeal within 12 months. Appellant forfeits his right of appeal from a justice of the peace in but one way, by failure to take his appeal within 12 months.
The right of appeal is a constitutional right, and though it can be exercised only in the manner pointed out by law, it is equally true that, when the law points out a single contingency under which it is conclusively presumed that the appeal has been aban;, doned, the courts are powerless to add other contingencies. Though no valid complaint can be urged against a law which says to appellant, “you must file, within a designated time, under pain of losing your right of appeal, the transcript placed in your hands by the clerk,” it would be a grave injustice for the courts to read into a law, requiring the justice of the peace to file the record within a designated time, the penalty that the failure of the justice of the peace to discharge this duty must be considered an abandonment by appellant of his right of appeal.
The question of the validity of the judgment dismissing the suspensive appeal is not before us.
For these reasons, it is ordered, adjudged, and decreed that the judgment complained of remain undisturbed, and that relator’s demands he rejected, and this proceeding dismissed, at his cost.